BaeNex, J.,
delivered the opinion of the court:
This is a suit to recover the salary claimed to be due to the claimant as tinner at the Indian school at Carlisle, Pa.
*65 It appears that after having been duly certified by the Civil Service Commission the claimant, on the 16th day of June, 1902, was regularly appointed by the Acting Commissioner of Indian Affairs to the position of tinner at the place named above at a salary of $600 per annum. On the 23d of June folloAving, having taken the oath of office, he proceeded from’ Washington, his place of residence, to Carlisle and reported for duty. Colonel Pratt, the superintendent of the Carlisle School, refused to permit him to enter upon the discharge of the duties of his office and directed him to return to Washington. Thfe reason given by Colonel Pratt for such refusal was that, while the claimant was a qualified tinner and able to take care of all jobs relating to said trade, he could not use him because he required a man qualified as a plumber and able to cut out his own patterns, as well as a tinner. Some rather acrimonious correspondénce took place thereafter between the government officials directly interested in the matter, but without resulting in giving employment to the claimant. In the meantime the claimant was alternately visiting the Indian Bureau and the Civil Service Commission asking for further assignment, but without avail; and he remained under waiting orders until October 1, 1902, when he appears to have engaged in business for himself. On March 10, 1903, the claimant was offered by the Civil Service Commission a position as tinner, slater, and stove repairer in the Quartermaster’s Department, U. S. Army, but declined. He has never received any pay under said appointment and claims in this suit that he should recover pay at the rate of $600 per annum from the 16th day of June, 1902, the date of his appointment, until March 10, 1903, the time when he was offered and declined employment as above stated.
It is contended by the defendants that the claimant did not possess the proper capacity for the work to which he was assigned. The findings show otherwise. He passed the examination for the position of tinner and was appointed and assigned to duty as a tinner. Colonel Pratt says he was qualified as such tinner, but refused to accept his services, claiming that he required at Carlisle additional qualifications from the person receiving such apiiointment. Further, this lack of qualifications, if it had existed, might have been a *66 cause for discharge from the service, but that was not done. Colonel Pratt did not discharge him and had no authority to do so. He simply refused him the privilege of doing the work to which he was assigned.
We think that when the claimant regularly received his appointment as tinner by the proper authorities and was assigned to duty and reported for duty, he thereby became invested with that office and entitled to receive the salary attached to the same until he was detached from the service either by some proper authority or by his own act.
The findings show not only that the claimant reported for duty as such tinner at the place to which he was assigned, but that he remained ready and willing to discharge the duties of his position until such time as his own conduct may be said to have separated him from the service; and for such time we believe he is entitled to recover for his stated salary in this suit. (Stilling v. U. S., 41 C. Cls., 61; Corcoran v. U. S., 38 id., 341; Wickersham v. U. S., 201 U. S., 390.)
The findings show that the claimant lingered about the Civil Service Commission and the Indian Bureau from the date of his appointment and assignment to duty until October 1,1902, a period of three months and eight days. At the expiration of that time he separated himself from the service by taking up and continuing in other duties to the present time. For such period of waiting his pay at the stated salary of his office would be $163.33, and judgment for that sum in his favor is ordered.